JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-03512-KK-DTBx** | Date: | September 29, 2026 |
|---|---|---|---|
| Title: | ***The People of The State of California et al v. Yang & Chang International, et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 8]**

## I. <u>INTRODUCTION</u>

On January 2, 2025, plaintiffs the People of the State of California and the City of Riverside (collectively, "Plaintiffs") filed a Complaint against Yang & Chang International, a California corporation doing business as "Palm Inn" ("YCI") and Mou-Shone Chang ("Defendants") in Riverside County Superior Court, alleging state clams under the California Health & Safety Code, California Civil Code, and Riverside Municipal Code arising out of Defendants' ownership of the Palm Inn ("Property") and allegations of "drug activity, substandard housing, and other disruptive activities which disturb the peace and safety of unsuspecting guests and the surrounding neighborhood." ECF Docket No. ("Dkt.") 1-1, Complaint ("Compl.") ¶ 8, 22.

On June 25, 2026, defendant YCI filed a Notice of Removal ("NOR") pursuant to 28 U.S.C. §§ 1441 and 1446. Dkt. 1, NOR ¶¶ 3-4. On July 24, 2026, Plaintiffs filed the instant Motion to Remand ("Motion"). Dkt. 8, Motion ("Mot."). On September 11, 2026, defendant YCI filed an Opposition. Dkt. 10, Opposition ("Opp."). On September 17, 2026, Plaintiffs filed a Reply. Dkt. 11, Reply.

The Court finds this matter appropriate for resolution without oral argument. <u>See</u> Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Plaintiffs' Motion is **GRANTED**.

//

## II.
## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. Alternatively, if the basis for removal is not clear on the face of the complaint, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Additionally, pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction. "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hisp. Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

## III.
## THE REMOVAL IS PROCEDURALLY AND SUBSTANTIVELY DEFICIENT

As an initial matter, defendant YCI's removal is procedurally deficient. First, the removal is untimely. Defendant YCI does not dispute it was personally served with a copy of the Complaint and summons on February 10, 2025. See Mot., Ex. 2, Proof of Service. Yet defendant YCI did not remove the instant action until over fifteen months later on June 2, 2026. While defendant YCI attempts to justify this delayed removal by claiming a "Petition for Appointment or Receiver" amended the Complaint, Opp. at 5 ("The Petition contains extensive material allegations of incidents of arrest for alleged narcotics and criminal activity . . . not specified in the Complaint."), the cited Petition fails to provide a basis for removal. In addition, the Complaint clearly outlined allegations of narcotics and criminal activity occurring at the Property. Hence, the case is subject to remand due to the untimely removal.[1] Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980) (noting "a timely objection to a late petition will defeat removal").

---

[1] Defendant YCI failed to appear in state court, hence, the state court entered default against defendant YCI on March 20, 2025. See Reply at 2. In an attempt to excuse the untimely removal, defendant YCI also makes an unintelligible argument that the Petition constitutes an amendment of the Complaint that relieves a party of its default, see Opp. at 4-6. This argument is likewise meritless.

In addition to being untimely, defendant Mou-Shone Chang has not joined in or consented to the removal of this action. While defendant YCI claims defendant Mou-Shone Chang has consented, see NOR at 5, defendant YCI fails to submit any proof of such consent. Thus, the case is also subject to remand on this basis. See Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560, 562 (C.D. Cal. 1988) (stating consent to removal must be "manifested" by all defendants within the thirty-day time limit to "satisfy[] the substantive requirement that the defendants be unanimous in their choice of a federal forum") (citation omitted).

Moreover, defendant YCI fails to establish a substantive basis for this Court to exercise jurisdiction. Defendant YCI first argues federal question jurisdiction exists under 28 U.S.C. § 1443(1). Opp. at 6-10. However, Section 1443 requires the removing party to assert (1) "rights that are given to them by explicit statutory enactment protecting equal racial civil rights" and (2) "the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) (citations omitted). Defendant YCI does not, and cannot, fulfill these prerequisites. Moreover, defendant YCI does not argue (nor does this Court find) any other basis for subject matter jurisdiction.

Accordingly, defendant YCI fails to meet its burden of establishing removal is proper and the case must be remanded.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED** and this case is **REMANDED** to Riverside County Superior Court. The Court declines to award fees, however, Defendant YCI and its counsel are expressly warned that future removal of such cases will result in sanctions, including monetary sanctions.

**IT IS SO ORDERED**. **[JS-6]**